IN THE CIRCUIT COURT FOR DAVISON COUNTY, TENNESSEE

**WILLIE PORTER,**

**Plaintiff,**

**v.**

**Docket No. ____________**
**JURY DEMAND**

**WALMART, INC.**
**and WAL-MART STORES**
**EAST, LP,**

**Defendants.**

# COMPLAINT

**COMES NOW,** the Plaintiff, WILLIE PORTER, by and through undersigned counsel, and for his cause against Defendants would show unto this Honorable Court as follows:

## I. PARTIES

1. The Plaintiff, WILLIE PORTER ("Plaintiff"), is a resident and adult citizen of Davidson County, Tennessee.

2. Defendant, WALMART, INC., is a foreign, for-profit corporation licensed to do business in the State of Tennessee and registered with the Tennessee Secretary of State. Defendant Walmart, Inc.'s principal address is 708 SW 8th Street, Bentonville, Arkansas 72716, and may be served through its registered agent, CT Corporation System, at 300 Montvue Road, Knoxville, Tennessee 37919, or wherever it may be found.

3. Defendant, WAL-MART STORES EAST, LP, is a foreign, for-profit corporation licensed to do business in the State of Tennessee and registered with the Tennessee Secretary of State. Defendant Wal-Mart Stores East, LP's principal address is 708 SW 8th Street, Bentonville, Arkansas 72716, and may be served through its registered agent, CT Corporation System, at 300

Montvue Road, Knoxville, Tennessee 37919, or wherever it may be found.

4. Defendants, Walmart, Inc. and Wal-Mart Stores East, LP, will be referred to collectively herein as "Defendants," unless expressly stated otherwise.

## II. JURISDICTION AND VENUE

5. Plaintiff's cause of action arises in tort under and by virtue of the laws of the State of Tennessee for the damages he sustained as a result of a slip and fall on December 29,2024 at Walmart Supercenter, Store Number 5058, located at 3035 Hamilton Church Rd. Antioch, TN 37013 (the "Subject Property").

6. Upon information and belief, Defendants owned, operated, managed, and/or controlled the Subject Property at all times relevant hereto.

7. Subject matter jurisdiction over this action is proper pursuant to T.C.A. § 16-10-101, *et seq.*

8. Venue for a trial on the merits in Davidson County, Tennessee is proper in part by virtue of T.C.A. § 20-4-101 as the incident giving rise to this cause of action occurred in Sumner County, Tennessee.

## III. FACTUAL ALLEGATIONS

9. At the time of the incident giving rise to this cause of action, Plaintiff was a patron at the Subject Property.

10. At the time of the incident giving rise to this cause of action, Plaintiff was lawfully on the Subject Property.

11. Unbeknownst to Plaintiff at the time of the incident giving rise to this cause of action, there was a liquid substance on the floor of the Subject Property.

12. At the time of the incident giving rise to this cause of action, the liquid substance

on the floor of the Subject Property presented a dangerous and/or defective condition.

13. At the time of the incident giving rise to this cause of action, there were no signs, lights, cones, barricades, or other devices warning of the dangerous and/or defective condition on the floor of the Subject Property.

14. At the time of the incident giving rise to this cause of action, there were no signs, lights, cones, barricades, or other devices warning of the liquid substance on the floor of the Subject Property.

15. As a result of this incident, Plaintiff has sustained damages.

16. Defendants knew and/or should have known that Plaintiff would be walking in the area of the liquid substance as the area was used for traversing the Subject Property.

17. Defendants had actual knowledge of the dangerous and/or defective condition of the liquid substance on the floor of the Subject Property where Plaintiff fell.

18. Defendants had constructive knowledge of the dangerous and/or defective condition of the liquid substance on the floor of the Subject Property where Plaintiff fell.

19. Defendants failed to make reasonable inspections to discover the existence of the dangerous and/or defective condition of the liquid substance on the floor of the Subject Property where Plaintiff fell.

20. Defendants failed to properly maintain the floor of the Subject Property where Plaintiff fell.

21. Defendants failed to perform appropriate maintenance to remedy the dangerous and/or defective condition of the liquid substance on the floor of the Subject Property where Plaintiff fell.

22. Defendants failed to warn of the existence of the dangerous and/or defective

condition of the liquid substance on the floor of the Subject Property where Plaintiff fell.

23. As a result of Defendants' negligence, Plaintiff sustained injuries to his person.

24. As a result of Defendants' negligence, Plaintiff incurred damages.

## IV. DEFENDANTS' ACTS OF NEGLIGENCE

25. Plaintiff specifically avers that Defendants are liable for failing to maintain the Subject Property in a safe condition on the date and time of the incident giving rise to this cause of action.

26. Plaintiff specifically avers that Defendants are liable for their negligent failure to conduct appropriate inspections and maintenance at the Subject Property.

27. Plaintiff avers that the harms he suffered were reasonably foreseeable and that Defendants were given sufficient notice at a time sufficiently prior to Plaintiff's injury and/or had sufficient opportunity to discover the dangerous and/or defective condition for Defendants to have taken appropriate cautionary and/or remedial measures.

28. Defendants were guilty of the following acts of common law negligence, in that they failed to:

a. Maintain the Subject Property in a reasonably safe condition;

b. Remedy a dangerous and/or defective condition despite ample time and opportunity to do so;

c. Remove the liquid substance on the floor of the Subject Property; and

d. Warn Plaintiff of the risk of harm posed by the dangerous and/or defective condition.

29. Defendants' acts and/or omissions were the direct cause, proximate cause, and cause in fact of Plaintiff's injuries.

30. Defendants are vicariously liable for the negligence of their agents under the doctrine of *respondeat superior*, agency, and/or similar laws, are jointly and severally liable for the negligent actions and/or omissions of their agents, including, but not limited to, their employees, management team, and/or franchisees.

## V. CAUSATION

31. Defendants owed a duty to Plaintiff to maintain the Subject Property in a safe condition.

32. Defendants owed Plaintiff a duty to remedy any known dangerous and/or defective conditions existing on the Subject Property.

33. Defendants breached the duties owed to Plaintiff and were negligent as such.

34. The negligence of Defendants was the direct, proximate, and cause in fact of Plaintiff's serious, disabling, painful, and permanent bodily injuries, causing Plaintiff to become liable for medical and other expenses and suffer permanent impairment to his body.

## VI. INJURIES AND DAMAGES

35. As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to damages, including, but not limited to, the following specific items of damages:

a. Physical pain, both past and future;

b. Emotional suffering and grief, both past and future;

c. Health care expenses, both past and future;

d. Loss of enjoyment of life;

e. Lost wages;

f. Loss of earning capacity;

g. Permanent impairment;

h. Partial disability;

i. Costs of this cause; and

j. All other general damages and other relief allowed under the laws of the State of Tennessee to which she may be entitled.

**PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff prays as follows:

1. Plaintiff be permitted to file this Complaint under the above caption.

2. That all process issue and be served upon Defendants, requiring each to make appearance and answer this Complaint within the time prescribed by law;

3. For a judgment against Defendants, and each of them, jointly and severally, for compensatory damages in the amount of one million dollars and no cents ($1,000,000.00) for the personal injury and disability suffered by the Plaintiff as a proximate result of Defendants' negligence;

4. For a jury to be empaneled to try this cause;

5. For costs of this matter to be taxed to Defendants; and

6. For such other, further, and general relief to which she may be entitled under the law.

Respectfully submitted,

STEINGER, GREENE & FEINER, LLP

*/s/ Christopher Thompson*

GIOVANNI ROSANIA, BPR #036471
CHRISTOPHER THOMPSON, BPR #033583
3102 West End Avenue, Suite 1050
Nashville, Tennessee 37203
Direct & Fax: (615) 490-9484
grosania@injurylawyers.com
cthompson@injurylawyers.com
*Attorneys for Plaintiff*